IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIEL CHARLES DeFRAIA<br>728 Commonwealth Avenue #406<br>Boston, MA 02215<br><br>      Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY<br>Washington, DC 20505<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 16-cv-1862<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Daniel Charles DeFraia ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Central Intelligence Agency ("CIA"). The CIA failed to provide Plaintiff with all non-exempt records responsive to his two FOIA requests, described herein, sent to the CIA, seeking agency records involving contracts between the CIA and any of the following: Bruce Jessen, James Mitchell, and AMP Associates. Plaintiff also seeks documents, including reports and emails, related to the interaction, including interrogation, between the CIA and subjects and between Jessen, Mitchell, and AMP Associates and detainees.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff Daniel Charles DeFraia is an individual, journalist and academic who, at all times relevant herein, has resided in Boston, Massachusetts, which is located in Suffolk County, Massachusetts.

5. Defendant Central Intelligence Agency is a federal agency of the United States, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA, 5 U.S.C. § 552(a)(4)(A)(viii), states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)(C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S 2014 FOIA REQUEST CLAIM

14. On or about December 9, 2014 Plaintiff sent a FOIA request to the CIA via that agency's online FOIA request website portal, seeking agency records related to a) all CIA contracts with Bruce Jessen, b) all CIA contracts with James Mitchell, c) contract information between Jessen and Mitchell, d) contracts between the CIA and Mitchell, Jessen and AMP Associates, and e) any and all information related to Bruce Jessen and James Mitchell and their interaction with detainees including interrogation.

15. On or about January 20, 2015 the CIA sent plaintiff a letter, stating that they received plaintiff's December 9, 2014 request on December 10, 2014. CIA assigned reference F-2015-00550.

16. On or about May 8, 2015, CIA sent a letter to Plaintiff regarding item c, Contract information between Jessen and Mitchell, "The FOIA does not require federal agencies to perform research, create records or conduct unreasonable searches through a body of material to see if any of it is related to a particular request."

17. On or about June 1, 2015, Plaintiff called the CIA and asked for an estimated completion date on FOIA F-2015-00550.

18. On June 15, 2015, the CIA said in a letter to Plaintiff that the estimated completion on FOIA F-2015-00550 was December 12, 2015.

19. On or about December 17, 2015 Plaintiff called the CIA and asked for an estimated completion date on FOIA F-2015-00550.

20. On or about December 28, 2015, the CIA said in a letter to plaintiff that the estimated completion date for FOIA F-2015-00550 was July 17, 2016.

21. On or about August 22, 2016, Plaintiff wrote the CIA, asking for an estimated completion date on FOIA F-2015-00550.

22. Defendant CIA has failed to release any non exempt responsive records relating to FOIA request F-2015-00550 made by Plaintiff Daniel Charles DeFraia.

### VII. FACTUAL ALLEGATIONS FOR PLAINTIFF'S 2015 FOIA REQUEST CLAIM

23. On or about May 22, 2015 Plaintiff sent a FOIA request to the CIA via that agency's online FOIA request website portal, seeking agency records, including documents, letters, emails and reports related to Mitchell, Jessen and their activities working under contract with the CIA.

24. On or about July 13, 2015, the CIA wrote Plaintiff a letter, informing him that the CIA had assigned F-2015-01740 for reference.

25. On or about July 22, 2015, Plaintiff called the CIA and asked for an estimated completion date on FOIA Reference F-2015-01740.

26. On or about September 4, 2015 the CIA said in a letter to plaintiff that the estimated completion on FOIA F-2015-01740 was May 28, 2016.

27. On or about June 8, 2016, Plaintiff called the CIA and asked for an estimated completion date on FOIA F-2015-01740.

28. On or about June 22, 2016, the CIA said in a letter to plaintiff that the estimated completion date for FOIA F-2015-01740 was April 12, 2017.

29. On or about August 22, 2016 Plaintiff wrote the CIA, asking for an estimated completion date on FOIA F-2015-01740.

30. On or about August 22, 2016 Plaintiff wrote the CIA, asking for an estimated completion date on FOIA F-205-01740.

31. Defendant CIA has failed to release any non exempt responsive records relating to FOIA request F-2015-00550 made by Plaintiff Daniel Charles DeFraia.

## VIII. CLAIM FOR RELIEF

### Violation of FOIA

32. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 31 as previously set forth in this Complaint.

33. Defendant CIA has violated FOIA by failing to provide Plaintiff with all non- exempt responsive records for his two FOIA requests and by failing to failing to perform an adequate search for records responsive to these FOIA request in a manner reasonably calculated to locate all responsive records.

34. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA requests described in paragraphs 1, 14, and 23 above, and failing to perform an adequate search for responsive records, Defendant CIA has denied Plaintiff's right to this information as provided by law.

35. Unless enjoined by this Court, Defendant CIA will continue to violate Plaintiff's legal right to be provided with copies of the records which he has requested in his FOIA requests described in paragraphs 1, 14 and 23 above.

36. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide all responsive records to his FOIA requests described above.

37. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

38. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

      1. Declare Defendant Central Intelligence Agency has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his Requests submitted on or about December 9, 2014 and May 22, 2015 and by failing to perform adequate searches for responsive records to these FOIA requests.

      2. Direct by injunction that Defendant Central Intelligence Agency perform and adequate search, and to provide Plaintiff with all non-exempt responsive records to Plaintiff's two FOIA requests.

      3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

      4. Provide such other relief as the Court deems just and proper.

Dated this 19th day of September, 2016.

Respectfully submitted,

Daniel J. Stotter, # WI0015
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR  97333
(541) 738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (DC Bar # 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff